UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-CV-198 |
| | ) | |
| v. | ) | Judges _____ |
| | ) | |
| REAL PROPERTIES LOCATED AT | ) | |
| | ) | |
| 748 & 750 REYNOLDS HOLLOW ROAD | ) | |
| JUNCTION CITY, KENTUCKY 40440, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 3911 STANFORD ROAD | ) | |
| DANVILLE, KENTUCKY 40422, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of the real properties listed below:

 a) 748 & 750 Reynolds Hollow Road, Junction City, Kentucky 40440; and

 b) 3911 Stanford Road, Danville, Kentucky 40422.

 (hereinafter "defendant properties")

## THE DEFENDANT *IN REM*

2.  The United States seeks forfeiture of the following defendant properties, with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

   a)  **748 & 750 Reynolds Hollow Road, Junction City, Kentucky 40440**

   TRACT NO 1:
   A certain tract of land lying about three miles southeast of the town on Parksville, on Rolling Fork, and being about six miles southwest of Junction City, in Boyle County, Kentucky, and being more particularly described as follows:

   BEGINNING at a stone corner to Lanhan and Baughman; thence south to a stone at Gordon and Manwarring's line; thence in same direction to Gordon and Harris' line (now Curtsinger); thence with Curtsinger's line north to a stone in the Lanham and Harris' line (now W.M. Nevius and Curtsinger); thence north to a stone in Lanham's line (now W. M. Nevius); thence west to the beginning, containing about 20 acres, more or less.

   TRACT NO 2:
   Four (4) parcels located near Tennessee Ridge in Boyle County, Kentucky, and more fully described as follows:

   First Parcel:
   BEGINNING at a stone, corner to Adams in the Manwarring and Adams line and running in a northerly direction to a stone in Edward's line and Lanham's corner; thence in a westerly direction with Edward's line to the Devine line to a stone in the Manwarring line; thence to the beginning and containing six (6) acres, more or less.

   Second Parcel:
   Bounded on the north by the land of Phillips and Stephen branch hollow; thence with Stephens line to McAnly's line; thence with McAnly's line to the Philips line to the beginning and containing fifteen (15) acres.

   Third Parcel:
   BEGINNING at Edwards and Lanham's corner and running in a northerly direction to George Owens corner; thence south with the Devine line to Edward's line to the beginning, containing one (1) acre, more or less.

Fourth Parcel:
Also the following described tract of land lying near Tennessee Ridge in Boyle County, Kentucky, and adjoining the land above described, which land is bounded on the west by the land of William Stephens, on the south by the lands of Arthur Belcher, on the east by the lands of Hardesty and on the north by the lands of W. T. Fletcher. This tract contains about 16 acres, more or less, and is the southeast end of the original tract of 33 acres.

Being the same property conveyed to Angela King and Bruce W. King, her husband, by deed dated December 12, 2013, of record in Deed Book 498, Page 385, in the Boyle County Clerk's Office.

For further reference see Deed recorded on July 28, 2014 in the Register of Deeds Office for Boyle County, Kentucky as Document No. 9552631 in Book Number D503, Pages 351-353.

b) **3911 Stanford Road, Danville, Kentucky 40422**

A certain tract of land located about 3/4 miles South of Danville, Boyle, County Kentucky more particularly described as follows:

Unless stated otherwise any monument set is a 5/8 inch rebar 18 inches long with a Yellow Cap stamped 3220 L.P.L.S. Basis for bearings is magnetic North observed 2/26/02.

Beginning at a right of way marker in the west right of way line U.S. 150 corner to Ewing (DB 197, pg 546); Thence with west right of way line of U. S. 150 S 2 deg. 52' 07" W 509.43 to a right of way marker corner to Tract B (Todd DB 387 PG 368); thence with Tract B S 84 deg. 08' 42" W 435.20 to a iron pin existing N 14 deg 54' 56" W·75.43 to a iron pin existing, N 27 deg. 55' 22" W 116.42 to a iron pin existing, N 59 deg. 53' 04" W 76.27 to a iron pin existing, S 89 deg. 09' 31" W 95.96 to a iron pin existing, S 69 deg. 10' 54" W. 81.20 to a iron pin existing, S 53·deg. 41' 14" W 112.69 to a iron pin existing S 24 deg. 34' 50" W 168.56 to a iron pin existing S 76 deg. 41' 16" W 795.13 to a iron pin existing Corner to Tract D (Carbone DB 324 PG 267) Thence with Tract D S 76 deg. 29' 08" W 526.15 to a iron pin existing, S 84 deg 01' 23" W 320.39 to a iron pin set a new corner to Tract; C (Carbone); thence with Tract C N 9 deg 17' 42" W 560.46 to a iron pin set corner to Ewing; Thence with Ewing N 81 deg. 51' 20" E 2652.37 to the Point of beginning and containing 28.364 more or less acres. Based on a Revised Survey done 2/26/02 Central Kentucky Land Surveying; Larry Wesley; L.P.L.S. 3220. As shown by a plat thereof recorded at Plat File No. 1314B; the improvements thereon being known and designated as 3911 Stanford Road, Danville, Kentucky; and

3

Being the same property conveyed to Billy R. Inmon II, and Jennifer Lynn Inmon by Deed dated May 16, 2003 and recorded in Deed Book 405, Page 18 in the Boyle County Clerk's Office, Kentucky.

For further reference see Deed recorded on October 25, 2018 in the Register of Deeds Office for Boyle County, Kentucky as Document No. 9584863 in Book Number D540, Pages 166-168.

3. The defendant properties have not been seized but is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the defendant properties;

    b. serve notice of this action on the record owner of the defendant properties, and any other person or entity who may claim an interest in the defendant properties, along with a copy of this Complaint;

    c. execute a writ of entry for purposes of conducting an inspection and inventory of the properties; and

    d. file a notice of *lis pendens* in the county records where the defendant properties are located.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant properties pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant properties occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. The United States of America seeks forfeiture of the defendant properties pursuant to:

   a) 21 U.S.C. § 881(a)(6), which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, in violation of 21 U.S.C. §§ 841 and/or 846;

   b) 18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property; and

   c) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

8. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the defendant properties became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

9. As set forth in detail in the Affidavit of Special Agent, Danielle Barto, Internal Revenue Service, Criminal Investigation, the Government's investigation has determined that the defendant properties are proceeds of drug-related violations of 21 U.S.C. §§ 841 and 846 and derived from proceeds traceable to and involved in 18 U.S.C. §§ 1956 and 1957. The owner of the defendant properties, Sharon Naylor, and other co-conspirators engaged in the distribution of

prescription pharmaceuticals, Schedule II and III Controlled Substances, in the Eastern District of Tennessee, and laundered the proceeds obtained from that same drug conspiracy.

10. The defendant properties are subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above.

## PRAYER FOR RELIEF

Wherefore, the United States of America prays:

(1) Defendant properties be condemned and forfeited to the United States of America in accordance with the provisions of law;

(2) Notice of this action be given to all persons known or thought to have an interest in or right against the defendant properties;

(3) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

    Respectfully submitted,

    J. DOUGLAS OVERBEY
    United States Attorney

By: *s/Gretchen Mohr*
    GRETCHEN MOHR
    Assistant United States Attorney
    800 Market Street, Suite 211
    Knoxville, Tennessee 37902
    (865) 545-4167

# VERIFICATION

I, Danielle Barto, Special Agent, Internal Revenue Service, Criminal Investigation, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Internal Revenue Service-Criminal Investigation.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of May, 2019.

_____
Danielle Barto
Special Agent
Internal Revenue Service, Criminal Investigation

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gretchen Mohr, AUSA, 800 Market St., Suite 211
Knoxville, Tennessee 37902, (865) 545-4167

## DEFENDANTS
Real properties Located at 748 & 750 Reynolds Hollow Road, Junction City, KY 40440 and 3911 Stanford Road, Danville, KY 40422

County of Residence of First Listed Defendant: Boyle, Kentucky
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) and 21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture of real properties derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846, 18 U.S.C. §§ 1956 and 1957

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Thomas A. Varlan / Debra C. Poplin
DOCKET NUMBER: 3:19-CR-60

DATE: 05/31/2019
SIGNATURE OF ATTORNEY OF RECORD: s/ Gretchen Mohr

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____